## Commonwealth v. Cassler, Jr.

*Dennis Pfannenschmidt*, for Commonwealth.
*Wendie Ziegler*, for defendant.

## FACTUAL BACKGROUND

BROWN, JR., *P.J.*, June 1984 — This matter comes before the court upon defendant's post trial motions. On July 16, 1983, Trooper Ronald E.

Dinant of the Pennsylvania State Police cited defendant for operating a motor vehicle while under suspension (75 P.S §1543(b)). On February 7, 1984, after a de novo hearing, this court found defendant guilty. In his post trial motions, defendant maintains that Trooper Dinant lacked sufficient legal grounds to order defendant to pull his car off the road.

The facts are as follows: At 8:00 p.m., on July 15, 1983, Trooper Dinant and several other troopers established a checkpoint or roadblock on U. S. Route 322 in Rush Township, Centre County, Pa. The troopers set flares out on the road and activated the red lights on three marked police cars. They stopped all cars travelling in both directions through said checkpoint and required each driver to produce a driver's license, vehicle registration and insurance card.

At approximately 2:45 a.m., on July 16, Trooper Dinant noticed a blue pickup truck travelling west on U.S. 322 turn onto Richards Street, approximately 75 yards before reaching the checkpoint. Trooper Dinant testified that nothing would have obstructed the driver's view of the checkpoint from the intersection of Richards Street and Route 322. The area along Richards Street is residential in nature. Trooper Dinant left the checkpoint in pursuit of the blue pickup truck and intercepted it at the corner of Richards Street and Pa. Route 504. He asked the driver to produce the information the troppers had been asking for at the checkpoint. The driver, defendant David Orville Cassler, Jr., informed Trooper Dinant that his license had been suspended. The instant citation followed.

Defendant maintains in his post trial motions that the court erred in denying defendant's oral motion to suppress and in finding that Trooper Dinant had

sufficient legal grounds to stop defendant. In his written motion, defendant also challenges the constitutionality of 75 P.S. §1543(b). Based upon the following discussion, we deny defendant's post trial motions.

## DISCUSSION

The issue before this court is whether or not police who establish a roadblock or checkpoint may pursue drivers who, immediately before reaching the checkpoint, leave the stream of traffic that naturally passes through that checkpoint. We hold that police may stop such persons.

Defendant does not disagree that police may establish a roadblock at a paricular point to check for unlicensed drivers or unregistered vehicles. Delaware v. Prouse, 440 U.S. 648, 663 (1979). It is also reasonably clear that under certain circumstances police may stop every fifth or every tenth car for the same purpose. See Id. at 663-64 (Powell, J., concurring), and Commonwealth v. Swanger, 453 Pa. 107, 114, 307 A2d. 875, 879 (1973). However, this court is unaware of a case from any jurisdiction that involves the issue presently before us.

Where police wish to stop a vehicle which is not passing through a checkpoint, they must have some justification for stopping that particular vehicle. Swanger, at 114, 307, A.2d at 879. A fair statement of the law in this Commonwealth is that a police officer must have a reasonable and articulable suspicion that a violation of the Vehicle Code is present before the officer may stop a car for the limited purpose of asking the driver to produce a license and registration card. See, e.g., Commonwealth v. Berry, 305 Pa. Super. 8, 11, 451 A.2d 4, 6-7 (1982), and Commonwealth v. Nastari, 232 Pa. Super. 405, 335 A.2d 468 (1975).

Trooper Dinant did not stop defendant upon an inchoate and unparticularized suspicion or "hunch." Defendant's vehicle was entered in the main stream of traffic that naturally passed through the checkpoint. Defendant could clearly see the flashing lights, flares and marked police cars. Defendant's decision to turn off U.S. Route 322 immediately prior to the checkpoint might have been well intentioned. He may have been visiting a residence along Richards Street, or travelling along that street for some other legitimate reason. However, the very fact that defendant turned off of U.S. Route 322 immediately prior to the checkpoint when the police were easily visible to him constituted a reasonable and articulable suspicion upon which Trooper Dinant was justified in stopping defendant for the limited purpose of requesting to see a driver's license and registration card.

The court is satisfied that our holding today brings about a most practical result. To prohibit police from stopping vehicles which possibly have intentionally avoided a checkpoint would be to frustrate the entire purpose of a worthwhile police practice. To require police to follow a car that has possibly avoided a roadblock and determine whether or not the driver had a legitimate reason for leaving the stream of traffic would result in a significant drain on the resources necessary to maintain a checkpoint. Our holding today simply requires drivers who see a police checkpoint to pass through that checkpoint. A driver who chooses to, or by necessity must, turn off the road leading through the checkpoint may be stopped by police for the limited purpose of producing a driver's license or registration card, regardless of that driver's reasons for turning from the stream of traffic.

Defendant did not present any authority for, or argument on behalf of, his contention that 75 P.S. §1543(b) is unconstitutional. Accordingly, paragraphs three and four of defendant's post trial motions are denied without further comment.

## ORDER

And now, June 20, 1984, it is hereby ordered that defendant David Orville Cassler, Jr.'s post trial motions are denied.